UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO HERMIDA, AND UBALDO GUERRA LUNA, *individually and on behalf of others similarly situated,*

                      *Plaintiffs,*

-against-

101 MORONTA FOOD CORP. (d/b/a 101 DYCKMAN FOOD CENTER), and FERNANDO MORONTA, *individually*,

                      *Defendants*
-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

ECF Case

RICARDO HERMIDA, and UBALDO GUERRA LUNA ("Plaintiffs") individually and on behalf of others similarly situated, by and through their attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complain of the Defendants as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action to recover minimum and overtime wages and liquidated damages, interest, costs, and attorneys' fees for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

2. Plaintiffs were employees of Defendants.

3. Defendants own, operate, and/or control a food center located at 101 Dyckman St., New York, New York 10040 under the name "101 DYCKMAN FOOD CENTER".

4. Plaintiff HERMIDA was employed as a clerk.

5. Plaintiff GUERRA was employed as a clerk and delivery worker. However, he was required to spend several hours of each day performing non-tipped duties unrelated to being a delivery worker, including cleaning the food center, opening and closing the restaurant, taking out the trash, unloading products from the trucks and storing them in the food center, cleaning the

tables and chairs, cleaning the bathrooms, place price tags on products, sweeping the floor, working the registers, doing the inventory at the end of the day, and arranging items on the shelves (hereinafter the "non-tip duties").

6. Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

7. Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for hours worked over 40.

8. Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

9. To the extent they did so, under state law Defendants were not entitled to take a tip credit because Plaintiff GUERRA's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever were less in each day) (12 N.Y.C.R.R. §146).

10. Further, to the extent they sought to take a tip credit, Defendants failed to give Plaintiff GUERRA notice that they intended to take a tip credit.

11. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees.

12. At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and of all similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), as the acts complained of occurred within the Southern District of New York.

## PARTIES

*Plaintiffs*

15. Plaintiff RICARDO HERMIDA ("HERMIDA") is an adult individual residing in New York County, New York.

16. Plaintiff HERMIDA was employed by Defendants from on or about 1995 until on or about November 2022.

17. Plaintiff UBALDO GUERRA LUNA ("GUERRA") is an adult individual residing in New York County, New York.

18. Plaintiff GUERRA was employed by Defendants from on or about May 2010 until on or about November 2022.

19. During their employment, Plaintiffs have worked at the food center located at 101 Dyckman St., New York, New York 10040.

*Defendants*

20. At all times relevant to this complaint, the Defendants owned, operated and/or controlled a food center located at 101 Dyckman St., New York, New York 10040 under the name 101 DYCKMAN FOOD CENTER.

21. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

22. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

23. Upon information and belief, 101 MORONTA FOOD CORP. (d/b/a 101 DYCKMAN FOOD CENTER), is a Corporation organized and existing under the laws of the state of New York and maintains its principal place of business at 101 Dyckman St., New York, New York 10040.

*Defendant FERNANDO MORONTA*

24. Defendant FERNANDO MORONTA ("MORONTA") is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

25. Defendant MORONTA is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

26. Upon information and belief, Defendant MORENTA possesses or possessed operational control over Defendant Corporation possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

27. Defendant MORENTA determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

36. Defendants operate a food center located in Manhattan.

37. Each Defendant possesses substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

38. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

39. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for services.

40. Upon information and belief, in each year from 2017 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.

41. In addition, the Defendants and their enterprise used items in interstate commerce. For example, numerous items that were used and sold daily at 101 DYCKMAN FOOD CENTER, such as vegetables and beverages, were produced outside the state of New York.

*Individual Plaintiffs*

42. Plaintiff HERMIDA is former employee of Defendants and was employed as a clerk.

43. Plaintiff GUERRA is former employee of Defendants and was employed as a clerk and delivery worker.

44. Even though Plaintiff GUERRA was employed as clerk and delivery worker, he was required to spend several hours of their time each day performing the non-tipped duties outlined above.

45. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff RICARDO HERMIDA*

46. Plaintiff was employed by Defendants from on or about 1995 until on or about November 2022.

47. Plaintiff was employed by Defendants as a clerk.

48. Plaintiff's work duties required neither discretion nor independent judgment.

49. From approximately January 2017 until on or about March 2020, and from on or about May 2020 until on or about August 2021, Plaintiff worked from approximately 2:00 p.m. until on or about 2:00 a.m., six days a week (typically 72 hours per week).

50. For approximately 4-5 weeks of his employment, from on or about March 2020 to April 2022, Plaintiff did not work for Defendants due to quarantine shutdowns caused by the Coronavirus disease (COVID-19) global pandemic.

51. From approximately on or about August 2021 until on or about November 2022, Plaintiff worked from approximately 3:00 p.m. until on or about 2:00 a.m., six days a week (typically 66 hours per week).

52. Throughout his employment with Defendants, Plaintiff was paid his wages in cash.

53. From approximately January 2017 until on or about August 2021, Plaintiff was paid a fixed salary of $450.00 per week.

54. From approximately August 2021 until on or about November 2022, Plaintiff was paid a fixed salary of $600.00 per week.

55. From approximately 1995 until on or about November 2022, Plaintiff was not required to keep track of his time, nor to his knowledge Defendants used any time tracking system.

56. Plaintiff was not paid at an accurate overtime rate for any of his hours worked over forty as required by federal and state law.

58. Defendants did not provide Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

59. Defendants have not given any accurate notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such information as required by NYLL §195(1).

*Plaintiff UBALDO GUERRA LUNA*

60. Plaintiff UBALDO GUERRA LUNA was employed by Defendants from on or about May 2010 until on or about November 2022.

57. Plaintiff was employed by Defendants as a clerk and delivery worker. However, during his employment as a delivery worker, Plaintiff spent over twenty percent of each workday performing the non-delivery duties described above.

58. Plaintiff regularly has handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

59. Plaintiff's work duties required neither discretion nor independent judgment.

60. From approximately May 2010 until on or about March 2020, and from on or about May 2020 until on or about August 2021, Plaintiff worked from approximately 2:00 p.m. until on or about 2:00 a.m., six days a week (typically 72 hours per week).

61. For approximately 4-5 weeks of his employment, from on or about March 2020 to April 2022, Plaintiff did not work for Defendants due to quarantine shutdowns caused by the Coronavirus disease (COVID-19) global pandemic.

62. From approximately on or about August 2021 until on or about November 2022, Plaintiff worked from approximately 3:00 p.m. until on or about 2:00 a.m., six days a week (typically 66 hours per week).

63. Throughout his employment with Defendants, Plaintiff was paid his wages in cash.

64. From approximately January 2017 until on or about August 2021, Plaintiff was paid a fixed salary of $450.00 per week plus tips.

65. From approximately August 2021 until on or about November 2022, Plaintiff was paid a fixed salary of $600.00 per week plus tips.

66. From approximately May 2010 until on or about November 2022, Plaintiff was not required to keep track of his time, nor to his knowledge Defendants used any time tracking system.

67. Plaintiff was not paid at an accurate overtime rate for any of his hours worked over forty as required by federal and state law.

68. Defendants did not account for tips in any daily or weekly accounting of Plaintiff's wages.

61. Defendants did not provide Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

62. Defendants have not given any accurate notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such information as required by NYLL §195(1).

63. Defendants required Plaintiff to purchase "tools of the trade" with his own funds-

including three (3) delivery bikes.

*Defendants' General Employment Practices*

64. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

65. Defendants required Plaintiff GUERRA, and similarly situated individuals, to perform several non-tip related tasks for over half of each workday, in addition to their primary roles. These responsibilities included the non-tip duties described above.

66. Plaintiff GUERRA, and similarly situated individuals, were paid below the lowered tip-credited rate by Defendants; when in fact, under state law Defendants were not entitled to a tip credit because their non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever were less) (12 N.Y.C.R.R. § 146.)

67. New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4.) Similarly, under federal regulations an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation. (29 C.F.R. §531.56(e).)

68. Defendants' pay practices resulted in Plaintiffs and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

69. Plaintiffs and similarly situated individuals were victims of Defendants' common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

70. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

71. At no time did Defendants inform Plaintiffs, and similarly situated individuals, that they reduced their hourly wage by a tip allowance or any other reason.

72. Defendants failed to post required wage and hour posters in the workplace.

73. Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74. Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

75. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76. Plaintiffs bring FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

77. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

78. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

**AS A FIRST CAUSE OF ACTION
VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**MINIMUM WAGE**

79. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

80. Defendants failed to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81. Defendants' failure to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

**AS A SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**OVERTIME**

83. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84. Defendants failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

85. Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86. Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

**AS A THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LAW § 652(1)**
**MINIMUM WAGE**

87. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88. Defendants paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

89. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

90. Plaintiffs were damaged in an amount to be determined at trial.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## OVERTIME

91. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92. Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, , in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

93. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

94. Plaintiffs were damaged in an amount to be determined at trial.

## AS A FIFTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK COMMISSIONER OF LABOR
## SPREAD OF HOURS WAGE ORDER

95. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

97. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

98. Plaintiffs were damaged in an amount to be determined at trial.

## AS A SIXTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## NOTICE AND RECORDKEEPING REQUIREMENTS

99. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100. Defendants failed to provide Plaintiffs with a written notice, in English and in Nepali (Plaintiffs' primary language), of rate of pay, regular pay day, and such other information as required by NYLL §195(1).

101. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys fees.

### AS A SEVENTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### WAGE STATEMENT PROVISIONS

102. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

103. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

104. Defendants are liable to each Plaintiffs in the amount of $5,0000, together with costs and attorney's fees.

### AS AN EIGHT CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

105. Plaintiffs repeats, reiterates and reallege all paragraphs above as though fully set forth herein.

106. Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as uniforms, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

107. Plaintiffs have been damaged in an amount to be determined at trial.

108. Defendants are liable to Plaintiffs for back pay, compensatory damages, liquidated

damages, punitive damages, and attorneys' fees and costs, all in an amount to be determined in trial.

   **WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

C. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

D. Declaring that the Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

E. Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

F. Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

G. Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

H. Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

I. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

J. Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

K. Declaring that the Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

L. Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

M. Declaring that Defendants violated section 191 of the New York Labor Law;

N. Declaring that Defendants violated section 193 of the New York Labor Law;

O. Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and spread of hours pay under the NYLL.

P. Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages due pursuant to NYLL §§ 663 and 198-d;

Q. Awarding Plaintiffs and the FLSA class members prejudgment interest and the expenses incurred in this action, including costs and attorney's fees as provided by the FLSA and NYLL;

R. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is

then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

S. All such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 24, 2023

                                        **PHILLIPS & ASSOCIATES,**
                                        **Attorneys at Law, PLLC**

By: /s/ Shawn Clark
Shawn R. Clark, Esq.
*Attorneys for Plaintiffs*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
E-Mail: sclark@tpglaws.com