UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO HERMIDA AND UBALDO
GUERRA LUNA, individually and on behalf
of others similarly situated,

                Plaintiffs,

-against-

101 MORONTA FOOD CORP. (d/b/a 101
DYCKMAN FOOD CENTER), and
FERNANDO MORONTA, individually,

                Defendants.

23-CV-4352 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiffs Ricardo Hermida ("Hermida") and Ubaldo Guerra Luna's ("Guerra Luna") (collectively, "Plaintiffs") motion for default judgment against Defendants 101 Moronta Food Corp. and Fernando Moronta (collectively, "Defendants"). For the reasons stated herein, the Court GRANTS default judgment for violations of Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and refers the matter to Magistrate Judge Moses for an inquest on damages, attorneys' fees and costs.

## BACKGROUND

On May 24, 2023, this action was commenced by the filing of a Complaint. ECF No. 1 ("Compl."). On June 12, 2023, a copy of the Complaint and Summons was served on Defendant 101 Moronta Food Corp. by service on the Secretary of State of New York pursuant to N.Y. Bus. Corp. Law 306(b)(1) and Fed. R. Civ. P. 4(e)(1), and proof of such service was filed on June 14, 2023. ECF No. 9. On July 24, 2023, a copy of the Complaint and Summons was served on Defendant Fernando Moronta by service on Defendant's Co-Tenant at Moronta's last known residence, and proof of such service was filed on July 26, 2023. ECF No. 14. Defendants have

failed to answer, appear, or otherwise move with respect to the Complaint. On January 30, 2024, the Court ordered Defendants to show cause as to why default judgment should not be entered against them. ECF No. 29. The Order to Show Cause was served on Defendants, ECF No. 30, and Defendants failed to respond.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, there are two steps involved in entering judgment against a party who has failed to defend: entry of default, and the entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id*. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

A defendant against whom default is entered is deemed to have admitted the well-pleaded factual allegations in the complaint establishing liability. *See* Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). Nonetheless, the district court "must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

## DISCUSSION

Plaintiffs allege the following causes of action: (1) minimum wage and overtime violations under the FLSA; (2) minimum wage and overtime violations under the NYLL; (3)

spread-of-hours pay violations under the NYLL; (4) wage-statement violations under the NYLL; and (5) violations of the FLSA and NYLL for failure to reimburse Plaintiffs for purchasing and maintaining "tools of the trade." Compl. ¶¶ 79–108.

## I. Unpaid Overtime and Minimum Wage Claims

To state an FLSA wage claim, a plaintiff must allege that: (1) he was the defendant's employee; (2) his work involved interstate activity; and (3) he worked for hours for which he did not receive minimum and/or overtime wages. *See Tackie v. Keff Enter., Inc.*, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *2 (S.D.N.Y. Sept. 16, 2014). "Courts apply the same analysis for FLSA and NYLL wage and hour violations, except that the NYLL does not require plaintiffs to show a nexus with interstate commerce or a minimum amount of annual sales." *Id.* at *2 n.2 (citation omitted). "[T]o recover for unpaid overtime wages, the FLSA requires that plaintiffs have worked compensable overtime in a workweek longer than forty hours, and that they were not properly compensated for that overtime." *Li v. SMJ Constr. Inc.*, No. 19-CV-5309 (PGG), 2022 WL 4463225, at *4 (S.D.N.Y. Sept. 26, 2022) (citation omitted).

Each of these elements are satisfied here. First, the allegations in the Complaint are sufficient to establish that Plaintiffs were employees of Defendants under the FLSA. To determine whether Defendants were Plaintiffs' "employer" for FLSA purposes, courts examine the "economic reality" of the employment relationship considering four factors, namely, whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–105 (2d Cir. 2013) (internal citation omitted). Here, Plaintiffs allege that Defendants

controlled the terms and conditions of their employment, determined the rate and method of compensation, and had the power to hire and fire them. *See* Compl. ¶¶ 39, 46, 53–54, 60, 64–65.

Next, Plaintiffs' allegations establish that Defendants were engaged in interstate commerce. "An employee is covered by the FLSA if [he] is 'employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce.'" *Zokirzoda v. Acri Cafe Inc.*, No. 18-CV-11630 (JPO), 2020 WL 359908, at *2 (S.D.N.Y. Jan. 22, 2020) (quoting 29 U.S.C. §§ 206(a), 207(a)(1)). Additionally, to state a minimum wage or overtime claim under the FLSA, a plaintiff must allege that the employer's enterprise has an annual gross volume of sales of at least $500,000. 29 U.S.C. § 203(s)(1)(A)(ii). According to the Complaint, Defendants and their enterprise sold numerous items used in interstate commerce, such as vegetables and beverages, and had a gross annual volume of sales not less than $500,000. Compl. ¶¶ 40–41.

Finally, Plaintiffs sufficiently establish that they did not receive minimum or overtime wages. "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about his salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Rodriguez v. Franco Realty Assocs., LLC*, No. 22-CV-6380 (JPO), 2023 WL 8762994, at *3 (S.D.N.Y. Dec. 19, 2023) (citing *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007)). "Likewise, to state an FLSA overtime claim, a plaintiff must allege only that he worked more than forty hours of compensable overtime in a workweek, and that he was not properly compensated for that overtime." *Id.* (citing *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)).

According to the Complaint, Plaintiff Hermida typically worked approximately 72 hours per week between January 2017 and August 2021 and was paid $450.00 per week. Compl. ¶¶ 49, 53. Between August 2021 and November 2022, Plaintiff Hermida worked approximately 66

hours per week and was compensated at a rate of $600 per week. *Id.* ¶¶ 51, 54. Plaintiff Guerra Luna typically worked approximately 72 hours per week between January 2017 and August 2021 and was paid $450.00 per week. *Id*. ¶¶ 60, 64. Between August 2021 and November 2022, Plaintiff Guerra Luna worked approximately 66 hours per week and was compensated at a rate of $600 per week. *Id*. ¶¶ 62, 65. These allegations provide sufficient information about Plaintiffs' salaries and working hours. Thus, Plaintiffs state a claim for failure to pay minimum and overtime wages in violation of the FLSA and NYLL.

## II.     Spread-of-Hours Claims

Under the NYLL, employers are required to pay covered employees one additional hour of pay at the basic minimum hourly rate on each day on which an employee worked more than ten hours. 12 N.Y.C.R.R. § 146-1.6(a). Plaintiffs allege that they each worked more than ten hour days but were not paid appropriate spread-of-hours compensation. Compl. ¶¶ 8, 96. Accordingly, the Court finds that Plaintiffs have adequately established their NYLL spread-of-hours claims.

## III.    Wage Notice and Wage Statement Claims

The Wage Theft Prevention Act of the NYLL requires that employers provide each employee with annual wage notices and accurate wage statements each time wages are paid. *See* NYLL §§ 195(1)(a) and (3). An employer is required to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee . . . a notice containing . . . the rate or rates of pay thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other allowances." NYLL § 195(1)(a). Employers are also required to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof . . . ; allowances, if any, claimed as part of the minimum wage; . . . and net wages." NYLL § 195(3).

Plaintiffs allege that Defendants failed to provide them with a written wage notice in English and in Nepali (their primary language) as required by NYLL Section 195(1). Compl. ¶ 100. Plaintiffs additionally allege that Defendants did not provide them with wage statements at required by NYLL Section 195(3). *Id.* ¶ 103. While these allegations are sufficient to support their wage notice and wage statement claims, Plaintiffs "nevertheless lack[] standing to maintain these claims." *Shi v. TL & CG Inc.*, No. 19-CV-08502 (SN), 2022 WL 2669156, at *8 (S.D.N.Y. July 11, 2022). Courts in this District have found that a plaintiff lacks standing to bring NYLL wage notice and statement claims where the plaintiff fails to allege that they suffered "downstream consequences from failing to receive that information." *Pinzon v. 467 Star Deli Inc.,* No. 22-CV-6864 (JGK) (SLC), 2023 WL 5337617, at *11 (S.D.N.Y. July 31, 2023), *report and recommendation adopted*, No. 22-CV-6864 (JGK), 2023 WL 5334757 (S.D.N.Y. Aug. 18, 2023) (internal quotation marks and citation omitted) (collecting cases). Here, Plaintiffs have not identified any "downstream consequences" from Defendants' failure to provide them with wage notices or statements. Accordingly, Plaintiffs cannot recover under the NYLL wage notice and statement provisions.

**IV.   Tools of the Trade Reimbursement**

Finally, Plaintiff Guerra Luna's allegations suffice to establish that Defendants failed to reimburse him for the cost of purchasing and maintaining equipment that he needed to perform his job. The FLSA and NYLL prohibit employers from requiring "an employee to purchase tools of the trade which will be used in or are specifically required for the performance of the employer's particular work and the cost of such tools purchased by the employee cuts into the

6

minimum or overtime wages required to be paid to the employee." *Hernandez v. Jrpac Inc.*, No. 14-CV-4176 (PAE), 2016 WL 3248493, at *30 (S.D.N.Y. June 9, 2016) (cleaned up); *Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL 1596195, at *14 (S.D.N.Y. Mar. 29, 2018) (citation omitted) ("The FLSA and NYLL permit an employer to shift to employees the cost of purchasing and maintaining 'tools of the trade,' such as the delivery bicycles in this case, so long as those costs do not reduce the employees' wages below the minimum wage."). Here, Plaintiff Guerra Luna has alleged that Defendants required him to purchase, without reimbursement, three delivery bikes "further reducing their wages in violation of the FLSA and NYLL." Compl. ¶¶ 63, 106. These allegations are sufficient to establish Plaintiff Guerra Luna's tools of the trade reimbursement claim under the FLSA and NYLL.

## CONCLUSION

For the reasons stated herein, the Court GRANTS default judgment against Defendants 101 Moronta Food Corp. and Fernando Moronta for (1) minimum wage and overtime violations under the FLSA; (2) minimum wage and overtime violations under the NYLL; (3) spread-of-hours pay violations under the NYLL; and (4) violations of the FLSA and NYLL for failure to reimburse Plaintiff Guerra Luna for purchasing and maintaining "tools of the trade." The Court refers this matter to Magistrate Judge Moses for an inquest on damages, attorneys' fees and costs.

The Clerk of Court is directed to terminate ECF No. 26.

Dated: June 20, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge